**Xhavit URUCI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States of America, Respondent.**

No. 06–3152–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2007.

Theodore Vialet, New York, New York, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney, for the Northern District of Indiana; Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Xhavit Uruci, a citizen of Albania, seeks review of a June 7, 2006 order of the BIA affirming the March 2, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Uruci's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xhavit Uruci,* No. A 97 980 322 (B.I.A. June 7, 2006), *aff'g* No. A 97 980 322 (Immig. Ct. N.Y. City March 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ As an initial matter, we treat Uruci's testimony as credible because the IJ never made an adverse credibility determination, and neither party has argued the

merits of such a credibility determination. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000).

■ With Uruci's credibility assumed, we first find that substantial evidence does not support the IJ's determination that Uruci failed to establish eligibility for asylum based on his claim that he was persecuted in Albania on account of his political opinion. The IJ's finding that "there is absolutely no corroboration" of the existence of the Republican Party is contradicted by Uruci's submission of his Republican Party membership card and a letter from the chairman of the Republican Party. While the IJ accurately observed that the letter was undated and referred only to Uruci's involvement in the 1996 elections, the IJ failed to clarify how these factors contributed to the determination that Uruci failed to meet his burden of proof based on his own testimony, corroborated by proof of his membership in the party.

The IJ's decision was also flawed with respect to his finding that Uruci's testimony was "not very specific." Although Uruci's testimony may have lacked detail, he specifically described the incidents of alleged persecution that he suffered by the Socialist police or Socialist party members on account of his political activities. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) (finding that the vagueness of testimony may be an independent basis for denying a claim irrespective of credibility where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof). Thus, the IJ erred to the extent that he discounted Uruci's testimony as "very vague," when he testified with enough specificity to state a claim for asylum based on his political opinion and the IJ did not probe for additional details

that Uruci could not or would not supply. *See id.*

Additionally, while the background materials did not support a finding that the Republican Party was a "major player" in Albania, Uruci claimed only that the party made up approximately four to five percent of the population. Given that Uruci testified credibly and proffered documents purportedly issued by the Republican Party, before denying his claim in part due to lack of corroboration the IJ was required to: (1) specifically identify the documents he expected as corroboration; (2) explain why it was reasonable under the BIA's standards to expect such corroboration; and (3) explain why Uruci's proffered explanations for the lack of such corroboration were insufficient. *See Diallo*, 232 F.3d at 290; *see also Jin Shui Qiu*, 329 F.3d at 153. Because the IJ failed to comply with the requirements of *Diallo* by identifying the missing, relevant evidence and showing why it was reasonably available, the absence of further evidence to corroborate the existence of the Republican Party did not substantiate his finding that Uruci failed to meet his burden of proof.

Furthermore, the IJ's determination that "whatever persecution that was directed at [Uruci] [did] not rise to the level that would be considered to be persecution based on political opinion," is insufficient to permit this Court to conduct a meaningful review. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir.2006). The IJ failed to identify the legal standard on which he relied in assessing whether the treatment Uruci experienced by the Albanian police constituted persecution, *see id.*, particularly the arrest that resulted in a fracture, and it was unclear whether the IJ considered the cumulative effect of Uruci's experiences. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). These cir-

cumstances require remand with respect to Uruci's asylum and withholding of removal claims, because we cannot predict with confidence that, applying the correct legal standard, the agency would again deny relief. *See Beskovic,* 467 F.3d at 227. Therefore, we grant Uruci's petition to this extent.

Remand is further required because the IJ failed to analyze whether Uruci established a well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b) (providing that an applicant may establish eligibility for asylum based on a well-founded fear of persecution even absent a showing of past persecution). Upon remand, any evaluation of evidence of country conditions in Albania must be carried out with consideration of Uruci's claim of future persecution based on his political opinion; specifically, his history of arrests, detention, and any abuse he suffered as a Republican Party member. *See Beskovic,* 467 F.3d at 227.

▇▇▇ We deny the petition, however, with respect to Uruci's claim based on his practice of the Bektashi Muslim faith. Substantial evidence supports the IJ's determination that Uruci failed to establish eligibility for relief on that basis. While Uruci testified that he and his family members were pressured to alter their religious beliefs, he did not describe any serious instances of discrimination or harassment, nor was he ever arrested, detained, or beaten by government officials on account of his religion. As such, Uruci failed to establish past persecution with respect to this claim, and therefore, was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1); *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *Ivanishvili v. U.S. Dep't of*

*Justice,* 433 F.3d 332, 341 (2d Cir.2006) (explaining that in order to establish persecution, the harm must be sufficiently severe, rising above "mere harassment"). Similarly, because Uruci did not present evidence demonstrating an objective basis for a well-founded fear of persecution, the IJ reasonably found that he failed to show a likelihood that he would be subjected to persecution if returned to Albania. *See Matter of Acosta,* 19 I. & N. Dec. at 216. Because Uruci was unable to show the objective likelihood of persecution needed to make out an asylum claim with respect to his religion, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, the petition for review is denied to this extent.

▇▇▇ Finally, because Uruci has failed sufficiently to argue the denial of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the decision of the BIA is VACATED, in part, and the case REMANDED for further proceedings consistent with this decision.